**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.F.**

**No. 23-89** (Harrison County 22-JA-74-1)

**MEMORANDUM DECISION**

Petitioner Father C.E.[1] appeals the Circuit Court of Harrison County's January 17, 2023, order terminating his parental, custodial, and guardianship rights to L.F.,[2] arguing that it was error to deny his motion for an improvement period when he was due to be released from incarceration and to terminate his parental rights when he corrected the issues of abuse and neglect. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2022, the DHS filed a petition alleging that the parents' parental rights to another child were involuntarily terminated in August 2021 after they failed to correct issues of substance abuse and domestic violence, among other problems. According to the petition, during this prior proceeding petitioner "denied and lied about" his substance abuse issue and "took no responsibility" for the conditions necessitating the prior petition "nor for any of his previous criminal activities." On the day of the final dispositional hearing in the prior proceeding, petitioner tested positive for amphetamine and methamphetamine. In regard to L.F., the DHS alleged that the mother admitted to abusing substances during her pregnancy with the child. The DHS further alleged that petitioner was incarcerated upon L.F.'s birth and that he failed to correct the conditions

---

[1]Petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Jenna L. Robey appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

that led to the prior termination of his parental rights. Petitioner remained incarcerated throughout the proceedings but was represented by counsel.

In July 2022, the court held an adjudicatory hearing, during which the DHS introduced evidence of petitioner's 2021 conviction for carrying a concealed firearm by a person prohibited from possessing a firearm following entry of his guilty plea to the same. According to the record, when petitioner was arrested for this offense, he was also in possession of "multiple baggies of suspected methamphetamine in varying weights, a pill container with suspected fentanyl, weights, and other distribution paraphernalia." Based on the evidence, the court found that petitioner had "not had a change in circumstances since the previous proceedings as evidenced by his continued substance use and incarceration." Accordingly, the court adjudicated him of neglecting the child based on his ongoing substance abuse issue. Petitioner later filed a motion for a post-adjudicatory improvement period.

In December 2022, the court held a dispositional hearing, during which the court heard testimony from a Child Protective Services worker and petitioner. The court further took notice of the record from the prior abuse and neglect proceeding that resulted in the termination of petitioner's parental rights to another child. The court specifically noted that petitioner's psychological evaluation in the prior matter included the opinion that petitioner "does not have the parental capacity to care, protect[,] and change in order to adequately provide for the child." The court further noted that petitioner continued to fail to acknowledge his substance abuse and the issues of domestic violence that led to the prior involuntary termination of his parental rights. As such, the court denied petitioner's motion for an improvement period. The court further concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and, citing the child's "tender years" and need for continuity of care and caretakers, that termination of petitioner's rights was in the child's best interest. Accordingly, the court terminated petitioner's parental, custodial, and guardianship rights to the child.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that it was error to deny his motion for a post-adjudicatory improvement period. According to petitioner, the court should have postponed his disposition because he was due to be released from incarceration in April 2023, at which time he claims he could have participated in the improvement period. This argument fails for two reasons. First, Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings is explicit that "[u]nder no circumstances shall a child abuse and neglect proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." As such, petitioner cannot be entitled to relief upon an argument that the matter should have been delayed pending the resolution of his criminal sentence. Further, the court found that petitioner failed to acknowledge the conditions of abuse and neglect, thereby rendering an improvement period

---

[3]According to the DHS, the mother intends to voluntarily relinquish her rights to the child, and the permanency plan for the child is adoption in the current placement.

inappropriate. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.") (citation omitted). Because the court determined that no improvement was likely, we find no error in the denial of petitioner's motion. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit court discretion to deny improvement period when no improvement likely).

Next, petitioner argues that the circuit court erred in terminating his parental rights because he claims that he could substantially correct the conditions of abuse and neglect at issue.[4] On this issue, petitioner's brief is confusing and factually inaccurate. For example, petitioner claims, without citation to the record, that the "court should have granted him an extension of his Post-Adjudicatory Improvement Period" because he was "actively participating in services." As set forth above, petitioner was not granted any improvement period. Further, petitioner concedes that he was not participating in services due to his incarceration. In short, we find no merit to petitioner's argument that the court's finding that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect was in error, given that petitioner's refusal to acknowledge the conditions rendered them untreatable.

We similarly find no merit to petitioner's argument that termination was not necessary for the child's welfare, as the court clearly relied on the child's young age and need for continuity of care and caretakers as necessitating termination of petitioner's rights. *See Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4 ("[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." (citation omitted)). While petitioner argues that disposition under West Virginia Code § 49-4-604(c)(5) would have been more appropriate, we find no error in the termination of his rights because the court made the findings necessary for this disposition. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental, custodial, and guardianship rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 17, 2023, order is hereby affirmed.

---

[4]In support of this assignment of error, petitioner also claims, in passing, that the court erred in adjudicating him because "the WVDH[S] failed to prove by clear and convincing evidence that [p]etitioner neglected the minor child." We decline to address this argument, however, because petitioner failed to set forth an assignment of error specifically challenging his adjudication, as required by Rules 10(c)(3) and (7) of the Rules of Appellate Procedure.

3

Affirmed.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn